IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY SAWL,                                    )
                                                 )
              Plaintiff,                         )
                                                 )
       vs.                                       )         Civil Action No. 10-008
                                                 )
                                                 )         Judge Nora Barry Fischer
THE BOROUGH OF WEST KITTANNING;                  )
CLIFFORD J. NEAL, KENNETH D. TRUDGEN,            )
ROBERT VENESKY, JIM SOBISKI,                     )
NANCY CAPONE, BERNIE BOWSER, SR.,                )
BERNIE BOWSER, JR., and JEANNE ENGLERT,          )
individually and in their official capacities,   )
                                                 )
              Defendants,                        )

## MEMORANDUM OPINION

## I.     Introduction

       This is a civil rights action initiated by Anthony Sawl ("Plaintiff") against the Borough of

West Kittanning ("Borough"), Bernie Bowser, Jr ("Bowser, Jr."), Bernie Bowser, Sr. ("Bowser,

Sr."), Nancy Capone ("Capone"), Jeanne Englert ("Englert"), Clifford Neal ("Neal"), Jim

Sobiski ("Sobiski"), Kenneth Trudgen ("Trudgen") and Robert Venesky ("Venesky,"

collectively "Defendants"), all of whom are members of the West Kitanning Borough Council.

(Docket No. 1-1 ¶¶ 5-14).  Plaintiff has brought this case pursuant to 42 U.S.C. §§ 1983, 1986

and 1988.  (*Id.* at ¶ 2).  Plaintiff claims that his rights under the Fourth and Fourteenth

Amendments were violated when Defendants terminated Plaintiff, without notice or an

opportunity to be heard, from his position as Lieutenant and Officer in Charge of the West

Kittanning Police Department, a position in which Plaintiff claims he had a constitutionally

protected property interest.  (*Id.* at ¶¶ 23-35).  This matter comes before the Court on

Defendants' Motion to Dismiss (Docket No. 5) Plaintiff's Complaint.  For the reasons outlined herein, Defendants' motion is granted, in part, and denied, in part.

## II.    Factual Allegations

In reviewing a motion to dismiss under Rule 12(b)(6), this Court must accept all factual allegations as true and draw all inferences from those facts in the light most favorable to the plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d. Cir. 2008)(citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d. Cir. 2003)(*see* Section IV). The Plaintiff makes the following allegations in his Complaint.  (Docket No. 1-1).

Plaintiff is a forty-three year old man who has approximately twenty-five years of law enforcement experience.  (Docket No. 1-1 at ¶ 16).  Plaintiff was hired as a patrol officer for the West Kittanning Police Department in October 2005, and was promoted to Lieutenant in January 2007.  (*Id.* at ¶ 18).  Plaintiff held the position of Lieutenant and Officer in Charge of the West Kittanning Police Department at all times relevant to this lawsuit.  (*Id.* at ¶ 17).  The West Kittanning Police Department employs fewer than three full-time officers.  (*Id.* at ¶ 19).

Plaintiff claims that on or around September 29, 2007, Defendant Neal was involved in an incident at an event held at a local fire hall where the organizers had obtained a permit to serve alcoholic beverages.  (*Id.* at ¶ 53).  According to the police reports filed by Plaintiff and his subordinate patrol officer (Officer Andryka), which were attached to Plaintiff's Complaint (Docket No. 1-1 at 12-22), attendees of this fire hall party were consuming alcohol behind the bar, a liquor code violation.  (*Id.* at 14-15).  When the officers approached the individuals drinking behind the bar, Defendant Neal "hindered" the officers' investigation repeatedly and stated in a threatening tone that he would "get to the bottom of this and…find out who complained and...take this up at a council meeting."  (*Id.* at 13).  In addition to describing

Defendant Neal's "acts of official oppression" and interference with a police investigation, the incident reports also record Neal's harassment of another attendee of the party, disorderly conduct, and public intoxication.   (*Id.* ¶¶ 52-54).   Subsequent to this incident, Plaintiff filed criminal harassment charges against Defendants Trudgen, Neal, and Venesky.  (*Id.* at ¶ 55).

Two days after criminal citations were filed against the Defendant council members, Defendants called a special council meeting in which Plaintiff was terminated from his position with the Police Department.   (*Id.* at ¶¶ 24-25, 58).   Plaintiff claims that "Defendants Trudgen, Neal, Venesky, Capone, Bowser Sr., and Sobiski comprised the majority who voted to terminate Plaintiff."   (*Id.* at ¶ 42).   Defendants did not notify Plaintiff of this special meeting, nor was he given a warning that his job was in jeopardy or a reason why he was terminated.  (*Id.* at ¶¶ 27-28, 31).   Prior to his termination, Plaintiff had never been subject to any discipline stemming from his performance as Lieutenant and Officer in Charge.  (*Id.* at ¶ 28).   Plaintiff was not given a hearing before or after his termination, and Defendants did not provide Plaintiff with a statement of the charges against him.  (*Id.* at ¶ 38-39).   Plaintiff claims that he was terminated by Defendants "because he was involved in various investigations involving council members which resulted in criminal citations being issued."  (*Id.* at ¶ 57).

Plaintiff's Complaint contains three counts.  In Count I, Plaintiff seeks to hold Defendant Borough liable under § 1983 for failing to provide notice and a hearing to Plaintiff, prior to or following his termination, in violation of his procedural due process rights.  (*Id.* at ¶¶ 23-35).   In Count II, Plaintiff seeks to hold the individual Defendants, in their official and individual capacities, liable for conspiring to violate Plaintiff's procedural due process rights.  (*Id.* at ¶¶ 36-46).   Finally, in Count III, Plaintiff seeks to hold Defendant Borough liable for violating his rights arising under the Pennsylvania Whistleblower Law.  (*Id.* at ¶¶ 47-59).

III.    **Procedural History**

Plaintiff originally filed his Complaint in the Allegheny County Court of Common Pleas on December 29, 2009.  (Docket No. 1-1 at 2-11).  Defendants filed a Notice of Removal on January 5, 2010, removing this action to this Court.  (Docket No. 1).  After Defendants' Motion for Extension of Time to File an Answer or Response was granted (Docket Nos. 3 and 4), Defendants filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) along with a Brief in Support on February 8, 2010.  (Docket Nos. 5 and 6).  Plaintiff filed his Brief in Opposition to the Motion to Dismiss on March 1, 2010, and Defendants subsequently filed a Reply Brief on March 10, 2010. (Docket Nos. 9 and 10).

IV.    **Standard of Review**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937,1949 (2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2008)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); and FED. R. CIV. P. 8(a)(2)(a valid complaint requires only "a short and plain statement of the claim" showing entitlement to relief."). The Supreme Court in *Iqbal* clarified that the decision in *Twombly* "expounded the pleading standard for 'all civil actions.'" *Iqbal*, 129 S.Ct. at 1953; *Fowler*, 578 F.3d at 210-11. The Court further explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted. *Iqbal*, 129 S.Ct. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555); *see also Fowler*, 578 F.3d at 210; and *Phillips*, 515 F.3d at 232. The determination of whether a complainant has sufficiently pled a claim "is a context-specific task that requires the

4

reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950 (citing *Twombly*, 550 U.S. at 556); *see also Fowler*, 578 F.3d at 210-11 (holding that in light of *Iqbal*, a district court should first separate the factual and legal elements of a claim and then, accepting the "well-pleaded facts as true," "determine whether the facts" pled are sufficient to show a "'plausible claim for relief.'"). Ultimately, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

## V.    Discussion

Defendants argue that Count I of Plaintiff's Complaint should be dismissed as Plaintiff does not have a property interest in his position as a police officer for Defendant Borough because the Police Tenure Act (53 P.S. §§ 811, *et seq.*) and Pennsylvania Borough Code (53 P.S. §§ 46171, *et seq.*) do not apply to him.  (Docket No. 6 at 3-5).  Defendants maintain that as Plaintiff did not have a constitutionally protected property interest in his position, he was not entitled to any notice or a hearing prior to or following his termination.  (*Id.* at 4).  Next, Defendants contend that Plaintiff's conspiracy claims against the individual Defendants in Count II are insufficient because Plaintiff fails to make factual allegations sufficient to state a claim and because the intra-corporate conspiracy doctrine applies.  (*Id.* at 5-6).  Defendants further argue that Plaintiff's official capacity claims against the individual Defendants are redundant and should be dismissed.  (*Id.* at 9-10)**.**  Finally, Defendants assert that Plaintiff's claim under the Whistleblower Law fails because it was not filed within the 180-day period required by law.  (*Id.* at 8-9).  Plaintiff concedes this final point, and consents to the dismissal of Count III.  (Docket. No. 9 at 8).  Accordingly, Count III is dismissed, with prejudice.

###### A.  Plaintiff's Procedural Due Process Claim Under § 1983

To properly state a claim for a violation of the Fourteenth Amendment's Procedural Due Process Clause under § 1983, the plaintiff must plead: "(1) that he was deprived of a protected liberty or property interest; (2) that this deprivation was without due process; (3) that the defendant subjected the plaintiff, or caused the plaintiff to be subjected to, this deprivation without due process; (4) that the defendant was acting under color of state law; and (5) that the plaintiff suffered injury as a result of the deprivation without due process." *Sample v. Diecks*, 885 F.2d 1099, 1113 (3d Cir. 1989).

Defendants argue that Plaintiff has failed to establish the first element of his due process claim, that he had a property interest in his employment with the West Kittanning Police Department.[1] (Docket No. 6 at 4).  "[P]roperty interests are 'created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Bartal v. Borough of Laureldale*, 515 F.Supp.2d 556, 561 (E.D. Pa. 2007)(quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)).  State law determines whether or not an individual has a property interest in his government employment. *Elmore v. Cleary*, 399 F.3d 279, 282 (3d. Cir. 2005).  "A Pennsylvania public employee has at-will status and does not have a property interest in his employment, unless there is express

---

[1]Defendants do not challenge the sufficiency of Plaintiff's pleadings regarding elements two through five.  As to the second element, Plaintiff alleges that he was given no notice or hearings prior to or after his termination. (Docket No. 1-1 at ¶¶ 24-31).  Plaintiff sufficiently pleads element three by claiming that his termination was caused by a majority vote of the Borough Council at a meeting to which he was not given any notice or a hearing.  (*Id.* at ¶ 24-25).  Plaintiff pleads element four by claiming that Defendants were acting in their capacity as Borough council members when they terminated his employment.  (*Id.* at ¶¶ 24-26).  Finally, Plaintiff pleads element five when he claims he was harmed, financially and otherwise, when he lost his job.  (*Id.* at ¶ 35).

legislative language to the contrary." *Bartal*, 515 F.Supp.2d at 561 (citing *Elmore*, 399 F.3d at 283). An at-will employee "does not have a legitimate entitlement to continued employment because [the employee] serves solely at the pleasure of [the] employer." *Elmore*, 399 F.3d at 282.

Plaintiff cites to two statutes, arguing that they grant him a constitutionally protected property interest in his position with the police department: The Pennsylvania Borough Code (53 P.S. §§ 46171 *et seq.*), and The Police Tenure Act (53 P.S. §§ 811 *et seq.*). (Docket No. 1-1 ¶ 32).

Section 46190 of the Pennsylvania Borough Code provides that::

> [n]o person employed in any police or fire force of any borough shall be suspended, removed or reduced in rank except for the following reasons:
>
> (1) Physical or mental disability affecting his ability to continue in service, in which cases the person shall receive an honorable discharge from service.
>
> (2) Neglect or violation of any official duty.
>
> (3) Violation of any law which provided that such violation constitutes a misdemeanor or felony.
>
> (4) Inefficiency, neglect, intemperance, immorality, disobedience of orders, or conduct unbecoming an officer.
>
> (5) Intoxication while on duty.
>
> (6) Engaging or participating in conducting of any political or election campaign otherwise than to exercise his own right of suffrage.

53 P.S. § 46190. Section 46191 of the Borough Code states that:

> If the person suspended, removed or reduced in rank shall demand a hearing by the commission, the demand shall be made to the commission. Such person may make written answers to any charges filed against him not later than the day fixed for hearing. The commission shall grant him a hearing which shall be held within a period of ten days from the filing of charges in writing, unless continued by the commission for cause at the request of the council or the accused.

53 P.S. § 46191. However, the Borough Code does not apply to any borough that has "a police

force of less than three members."  53 P.S. § 46171.

The Police Tenure Act, 53 P.S. §811 *et. seq.*, includes provisions similar to those in the Borough Code but applies to townships and boroughs "having a police force less than three members."  Pertinent here, Section 812 of the Police Tenure Act states that:

> No person employed as a regular full time police officer in any police department of any township of the second class, or any borough or township of the first class within the scope of this act, with the exception of policemen appointed for a probationary period of one year or less, shall be suspended, removed or reduced in rank except for the following reasons: (1) physical or mental disability affecting his ability to continue in service, in which case the person shall receive an honorable discharge from service; (2) neglect or violation of any official duty; (3) violating of any law which provides that such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer; (5) intoxication while on duty. A person so employed shall not be removed for religious, racial or political reasons. A written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed.

53 P.S. § 812.  Section 814 of the Police Tenure Act also provides suspended or removed police officers with the opportunity to have a public hearing:

> If the person sought to be suspended or removed shall demand a public hearing, the demand shall be made to the appointing authority.  Such person may make written answers to any charges filed against him.  The appointing authority shall grant him a public hearing, which shall be held within a period of ten days from the filing of charges in writing, and written answers thereto filed within five days, and may be continued by the appointing authority for cause or at the request of the accused.

53 P.S. § 814.

District courts have found that each of these statutes create a constitutionally protected property interest in an individual's employment as a police officer.  *See Bartal*, 515 F.Supp.2d at 561 ("Pennsylvania law confers a property interest upon police officers in their continued employment.  Specifically...the Borough Code"); *Kavakich v. Bentleyville Borough*, Civ. A. No. 06-1114 2008 WL 2563377, at *2 (W.D. Pa. June 24, 2008)("Under either [statute]..., full-time

municipal police officers enjoy a protected property interest in their position, together with the concomitant right to procedural due process when their employment is terminated.")(internal quotations omitted); *Perrett v. Harmar Township*, Civ. A. No. 07-593 2008 WL 3457014, at *8 (W.D. Pa. August 8, 2008)(holding that Police Tenure Act granted plaintiff property interest in his job as a police officer).

In his Complaint, Plaintiff alleges that the West Kittanning Police Department has fewer than three members.  (Docket No. 1-1 at ¶ 19).  Because Plaintiff claims that the police department has fewer than three members, the Police Tenure Act, rather than the Borough Code, applies in this case.  Defendants argue that the Police Tenure Act does not apply to Plaintiff because he did not adequately plead that he was a "regular full time police officer." (Docket No. 6 at 5).  Accepting Plaintiff's allegations as true, it is reasonable to infer that Plaintiff was a "regular full time police officer" as required by the Police Tenure Act, because he avers that he worked for the Police Department for nearly two years, starting as a patrol officer and then was promoted to Lieutenant and Officer in Charge.  (Docket No. 1-1 at ¶¶ 18-21).  *Phillips*, 515 F.3d at 228 (citing *Worldcom, Inc.*, 343 F.3d at 653).  Having met the conditions required by the Police Tenure Act, Plaintiff has sufficiently pled facts that show that he had a constitutionally protected property interest in his employment.  Accordingly, Defendants' Motion to Dismiss Count I of the Complaint is denied.

B.    *Plaintiff's Conspiracy Claims*

In Count II, Plaintiff claims that the individual Defendants "unlawfully conspired to violate [Plaintiff's] constitutional rights to procedural due process of law." (Docket No. 1-1 ¶ 37).  Specifically, Plaintiff alleges that Defendants "acted in concert and under color of state law," and maliciously fired Plaintiff, without notice or an opportunity to be heard, in retaliation

for filing criminal harassment charges against Defendants Neal, Trudgen, and Venesky.  (*Id.* at ¶¶ 41, 55).

Defendants first argue that Count II fails to state a claim upon which relief can be granted because Plaintiff has not alleged specific facts regarding the alleged plan to deprive Plaintiff of his procedural due process rights.  (Docket No. 6 at 6).  In support of this argument, Defendants cite to a line of cases that apply heightened pleading requirements to civil conspiracy claims. *See Fioriglio v. City of Atlantic City*, 996 F.Supp. 379, 385 (D. NJ. 1998)("To assert a claim for conspiracy, Plaintiff must make 'specific factual allegations of the combination, agreement or understanding among all or between any of the defendants to plot, plan or conspire to carry out the alleged chain of events in order to deprive plaintiff of a federally-protected right."); *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985)("[A]llegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds.'"); *Rose v. Bartle,* 871 F.2d 331, 366 (3d. Cir. 1989).

However, this line of cases is not applicable.  They all either predate (*Deck*, *Rose)* or disregard (*Fioriglio*) the Supreme Court's ruling in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination*, 507 U.S. 163 (1993), which held that a federal court may only apply a "heightened pleading standard" where there are allegations of fraud or mistake, as stated in Rules 8 and 9 of the Federal Rules of Civil Procedure.  *Id.* at 164, 168-69.  Furthermore, these decisions were issued before the Supreme Court's recent holdings in *Twombly* and *Iqbal*, which articulate the controlling standard regarding the sufficiency of pleadings under the Federal Rules.

Since *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has applied their holdings in the context of civil conspiracy claims.  *See Capogrosso v. Supreme Court of the State of New Jersey*, 588 F.3d 180, 185 (3d. Cir. 2009)(citing *Crabtree v.*

*Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990)(holding that "judicial conspiracy" claim must include a "discernable factual basis," i.e., "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action"); *Marangos v. Swett*, 341 Fed.Appx. 752, 755-56 (3d. Cir. 2009)(plaintiff's complaint alleging that ex-wife, judge, and refinancing companies conspired to grant the ex-wife the proceeds of the loan dismissed due to its reliance on legal conclusions and failure to make factual allegations of any concerted action between the defendants); *Feliz v. The Klintock Group*, 297 Fed.Appx. 131, 136 (3d. Cir. 2008)(dismissing plaintiff's complaint because it made no "allegations of at least some facts which could permit a reasonable inference of a conspiracy").

Synthesizing the holdings in these cases,  to plead a claim of civil conspiracy, a plaintiff must plead sufficient facts to allow the court to reasonably infer that the defendants had some form of agreement and engaged in concerted action in furtherance of that agreement.  In the present matter, the Court finds that Plaintiff has pled sufficient facts regarding the alleged conspiracy. According to the Complaint, tensions rose between Plaintiff and the individual Defendants after some of the individual defendants were cited by Plaintiff at an event held at the local fire hall on September 29, 2007.  (*Id.* at ¶¶ 50, 52-55).  During the investigation of that incident, Defendant Neal told Plaintiff that he would "get to the bottom of this and…find out who complained and...take this up at a council meeting." (*Id.* at 13).  Approximately eleven days later, Plaintiff filed criminal harassment charges against Defendants Trudgen, Neal, and Venesky.  (*Id.* at ¶ 55).  Two days after charges were filed, the individual Defendants called a special meeting of the Borough Council, where Defendants Trudgen, Neal, Venesky, Capone, Bowser, Sr., and Sobiski voted to terminate Plaintiff.  (*Id.* at ¶¶ 21, 42).  Plaintiff was not given notice of this special meeting, nor was Plaintiff given a hearing before or after his termination.

(*Id.* at ¶¶ 25, 27, 33).  These are specific factual allegations, not "bare assertions" or a "formulaic recitation of the elements" of a civil conspiracy claim.  Therefore, Plaintiff has sufficiently pled that the individual Defendants, motivated by their anger stemming from the incident at the fire hall party, agreed to terminate Plaintiff's employment.  This agreement, according to the Plaintiff, was carried out by the individual Defendants when they called a special meeting in which they combined their votes to terminate Plaintiff's employment.  As a result, Count II of Plaintiff's Complaint has been properly pled.

Defendants also argue that Plaintiff's civil conspiracy claims fail because of the intra-corporate conspiracy doctrine.  Under the intra-corporate conspiracy doctrine, "an entity cannot conspire with one who acts as its agent," *General Refractories Co.,* 337 F.3d 297, 313 (citing *Heffernan v. Hunter*, 189 F.3d 405, 413 (3d. Cir. 1999)), because "[g]enerally, the acts of the agents of a corporation are the acts of the corporation." *Nix v. Temple Univ.*, 596 A.2d 1132, 1137 n. 3 (Pa. Super. 1991)(citing *Daniel Adams Assoc. v. Rimbach Pub., Inc.*, 519 A.2d 997 (Pa. Super. 1987)).  Here, it is uncontested that each of the individual Defendants, as Borough council members, are agents of Defendant Borough.

However, there is an exception to the intra-corporate conspiracy doctrine where the agent of the corporation has "acted for their sole personal benefit." *Heffernan*, 189 F.3d at 412.  But "the mere fact that [the defendants] have 'mixed motives'…does not remove their conduct from the scope of the agency [relationship]." *Id.* at 413.  Plaintiff alleges that the individual Defendants acted maliciously in unlawfully terminating his employment, in retaliation for Plaintiff filing criminal citations against Defendants Neal, Trudgen, and Venesky.  (Docket No. 1-1 ¶¶ 41, 50, 55).  Prior to his termination, Plaintiff claims that he had never been subject to any discipline for his performance as a police officer for the Borough of Kittanning.  (*Id.* at ¶¶ 29,

31).  Terminating an employee in retaliation for filing criminal harassment charges, when there are no complaints regarding the quality of that employee's work, is potentially an act committed "for [one's] sole benefit," as described in *Heffernan*.  189 F.3d at 412.  As a result, the intra-corporate conspiracy doctrine does not require dismissal of Plaintiff's conspiracy claim.  For these reasons, Defendants' Motion to Dismiss Count II is denied.

### C.   Plaintiff's Official Capacity Claims

Plaintiff's conspiracy claim also seeks to hold the individual Defendants liable in their official capacities.  (Docket No. 1-1 at 7).  The Supreme Court has held that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Following this principle, "there is no longer a need to bring official-capacity actions against local government officers [because] local government units can be sued directly for damages and injunctive relief."  *Id.* at 169 n.14.  Because Plaintiff has also sued the Borough of West Kittanning, the official capacity suits against the individual Borough Council members are redundant and said claims are dismissed, with prejudice.  Plaintiff may maintain his conspiracy claim against the individual Defendants, but only in their individual capacities.

## VI.   Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED, in part, and DENIED, in part.  Defendants' Motion is granted in that Plaintiff's claim under the Pennsylvania Whistleblower Law at Count III and Plaintiff's official capacity claims against the individual Defendants are dismissed.  Defendants' Motion is denied with regard to Plaintiff's due process claim against Defendant Borough at Count I and Plaintiff's civil conspiracy claims against the individual Defendants in their individual capacities at Count II.

An appropriate Order follows.

<u>s/ Nora Barry Fischer</u>
Nora Barry Fischer
United States District Judge


Dated:          April 9, 2010
cc/ecf:         All counsel of record